UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL LOAN TRUST 2018-2, | : : : : : | CASE NO. 2:19-cv-11553 (Judge Terrence G. Berg) |
| Plaintiff, | : : | (Mag. Mona K. Majzoub) |
| vs. | : : | |
| THE AGENCY REALTY EXECUTIVES, LLC, *et al.*, | : : : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE

Plaintiff U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2018-2 ("Plaintiff"), through undersigned counsel, respectfully moves for summary judgment against Defendant United States of America, Department of the Treasury, Internal Revenue Service (the "IRS"), pursuant to FRCP 56. There are no genuine issues of material fact, and Plaintiff is entitled to a judgment that its Mortgage takes priority over the lien interest of the IRS. This Motion is supported by the following Memorandum and the Affidavits filed herewith.

03694256-2

Respectfully submitted,

*/s/ Zachary D. Prendergast*
Zachary D. Prendergast (P70804)
*Attorney for Plaintiff U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2018-2*
ROBBINS KELLY PATTERSON & TUCKER
7 West Seventh Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 721-3330
Fax:    (513) 721-5001
E-mail: zprendergast@rkpt.com

## MEMORANDUM IN SUPPORT

### I.  INTRODUCTION

There are no genuine issues of material fact, and Plaintiff's mortgage has priority over the Notice of Federal Tax Lien recorded October 15, 2018 against Fadi Dabaja. Plaintiff's Mortgage from the Borrower was recorded on September 12, 2018, prior to the recording of the Notice of Federal Tax Lien. The pleadings and affidavits show that the Borrower had been deeded title to the Property on August 31, 2018. The Borrower contemporaneously executed the Mortgage, which was recorded on September 12, 2018. For unknown reasons, the Quit Claim Deed (the "Deed") vesting title in the Borrower was not recorded before the Mortgage, and remained unrecorded until June 27, 2019.

Even though the Deed was recorded subsequent to the Mortgage, the Borrower had legal title to the Property and the Mortgage is valid. Further, the recording of that Mortgage on September 12, 2018 put the world on notice that the Borrower was the titleholder, and that the Mortgage was superior to all subsequently recorded liens. Therefore, there are no genuine issues of material fact and the Plaintiff is entitled to a judgment that its Mortgage has superior priority as a matter of law.

## II.     FACTS

The pleadings and the Affidavit of Jeff Taylor ("Plaintiff's Affidavit") establish the following relevant facts:

- On or about August 31, 2018, Fadi Dabaja executed a Quit Claim Deed to The Agency Realty Executives, LLC ("Borrower") conveying the real estate and improvements located at 6565 Rockland Street, Dearborn Heights, Wayne County, Michigan 48127. *Plaintiff's Affidavit*, ¶ 7, *Exhibit A*.

- The Deed was recorded on June 27, 2019 at Liber 55128, Page 318 of the Register of Deeds of Wayne County, Michigan. *Affidavit of Adam J. Turer, Exhibit A*.

- On or about August 31, 2018, ICG10 Capital, LLC ("Original Lender") advanced a loan to Borrower in the amount of $195,000.00 ("Loan"). *Id.*, ¶ 9.

- To evidence the Loan, Borrower executed a Semi-Annual Adjustable Term Note ("Note") in favor of Original Lender dated August 31, 2018 in the original principal amount of $195,000.00. *Id.*, ¶ 10, *Exhibit B*.

- The Note was specially indorsed to Plaintiff, and Plaintiff is in possession of and is entitled to enforce the Note. *Id.*, ¶ 11, *Exhibit B*.

- To secure repayment of the Note, and as part of the same transaction, Borrower executed a Commercial Mortgage ("Mortgage") in favor of the Original Lender dated August 31, 2018. The Mortgage was recorded September 12, 2018 at Liber 54608, Page 848 of the Register of Deeds of Wayne County, Michigan. *Id.*, ¶ 13, *Exhibit D*.

- The Mortgage was assigned from the Original Lender to Velocity Commercial Capital, LLC by virtue of a certain Assignment ("First Assignment") recorded October 10, 2018 at Liber 54661, Page 889 of the Register of Deeds of Wayne County, Michigan. *Id.*, ¶ 14, *Exhibit E*.

- The Mortgage was subsequently assigned to Plaintiff by virtue of a certain Assignment of Commercial Mortgage ("Second Assignment") recorded February 8, 2019 at Liber 54852, Page 970 of the Register of Deeds of Wayne County, Michigan. *Id.*, ¶ 15, *Exhibit F*.

- On October 15, 2018, subsequent to the recording of the Mortgage, the IRS filed a Notice of Federal Tax Lien against Fadi Dabaja recorded at Liber 54676, Page 1298 of the Register of Deeds of Wayne County, Michigan. See *Exhibit G* to the Plaintiff's Complaint.

### III. LAW AND AUTHORITY

#### A. Summary Judgment Standard.

> Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir.1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

*Anderson-Keri v. Detroit Bd. of Educ.*, 205 F.3d 1339 (6th Cir. 1999).

"Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue." *Franklin v. City of Pontiac*, 887 F. Supp. 978, 981 (E.D. Mich. 1995).

> To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),
>
>> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.
>
> (Citations omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

*Id.* at 981–82.

The evidence in support of Plaintiff's Motion establishes the absence of any genuine issues of material fact.

### B. Plaintiff holds a valid first mortgage lien on the Property.

As stated, the Deed was executed and the Property conveyed to Borrower on August 31, 2018. *Plaintiff's Affidavit, ¶ 7, Exhibit A*. The deed was subsequently recorded in the Register of Deeds of Wayne County, Michigan on June 27, 2019 at Liber 55128, Page 318. *Affidavit of Adam J. Turer, Exhibit A*. But, the date the deed was recorded is not relevant to the date it became effective.

> "A deed takes effect from the time of its delivery, and not from the time of its date, execution or record[ing]." *Power v. Palmer*, 214 Mich. 551, 559, 183 N.W. 199 (1921); see also *Stevens v. Burgess*, 263 Mich. 98, 102–

> 103, 248 N.W. 560 (1933). As between the parties, an otherwise-conforming deed is valid even if it is not recorded. *Smith v. Fiting,* 37 Mich. 148, 150–151 (1877).
>
> A lis pendens is "notice ... of what [is] involved in the suit." *Maximovich v. Wojtowicz,* 236 Mich. 643, 645, 211 N.W. 65 (1926). A lis pendens does not annul property interests, "but merely render[s] them 'subordinate to the rights of the parties to the action as determined by the judgment or decree.' " *Id.* (citation omitted). A lis pendens has no effect on fixed property rights that already exist at the time the lis pendens is filed. *Title & Trust Co. v. Jaster,* 241 Mich. 416, 420, 217 N.W. 42 (1928). Therefore, a lis pendens "does not take precedence over prior transactions, *even those unrecorded at the time the lis pendens notice is recorded.*" 1A Michigan Pleading & Practice (2d ed.), Lis Pendens, § 17:1, p. 549 (emphasis added), citing *Hammond v. Paxton,* 58 Mich. 393, 397, 25 N.W. 321 (1885).

*Ligon v. City of Detroit*, 276 Mich. App. 120, 128, 739 N.W.2d 900, 905–06 (2007).

The Mortgage, since assigned to Plaintiff, was recorded September 12, 2018 at Liber 54608, Page 848 of the Register of Deeds of Wayne County, Michigan. *Id.*, ¶ 13, *Exhibit D*. The fact that the deed remains unrecorded does not invalidate the properly recorded Mortgage. "Additionally, defendant correctly argues that the order in which the mortgage and warranty deed were recorded has no bearing on the validity of the mortgage." *Yousif v. Fed. Nat. Mortg. Ass'n*, No. 12-CV-12427, 2013 WL 980159, at *2 (E.D. Mich. Mar. 13, 2013). Although the Deed was not recorded, the recorded Mortgage encumbering the Property and held by Plaintiff was sufficient to put a prudent man upon inquiry as to Plaintiff's interests in the Property.

> Before the Woodward & Watson Realty Company parted with the consideration and received a deed of the premises in question, it knew that there was a recorded mortgage for $55,000 covering the property; that the plaintiffs were mortgagors in this mortgage; and that they were in the chain of title. These facts were sufficient to put a prudent man upon inquiry as to their interests. A knowledge of such facts must be held to be equivalent to knowledge of plaintiffs' unrecorded deed.

*Fischer v. Lauhoff,* 222 Mich. 128, 135–36, 192 N.W. 605, 607 (1923).

Plaintiff's lien was perfected upon recording on September 12, 2018. "[W]e must follow the general rule, laid down by all courts, that different liens upon the same property have priority according to the time of their creation." *Sloat v. Mid-W. Fin. Corp.*, 219 Mich. 577, 579, 189 N.W. 52, 53 (1922). "A party who has a first lien has a right to prior satisfaction out of the property which it covers." *Id.* at 580.

Plaintiff's lien has priority over the liens attaching to the property subsequent to September 12, 2018.

> "In general, Michigan is a race-notice state under MCL 565.29,[3] wherein the owner of an interest in land can protect his or her interest by properly recording it, and the first to record an interest typically has priority over subsequent purchasers or interest holders." *Wells Fargo Bank, NA v. SBC IV REO, LLC*, 318 Mich.App. 72, 96, 896 N.W.2d 821 (2016). The principle that the first interest owner to record obtains priority applies to liens and mortgages on real property. *Coventry Parkhomes Condo. Ass'n v. Fed. Nat'l Mortg. Ass'n*, 298 Mich.App. 252, 256, 827 N.W.2d 379 (2012).

*In re $55,336.17 Surplus Funds*, 319 Mich. App. 501, 512–13, 902 N.W.2d 422, 429 (2017).

In sum, under Michigan law, the Borrower was vested with title to the Property and the mortgage in favor of the Plaintiff was valid when signed. The further recording of the Mortgage put the world on notice of the existence of the unrecorded Deed. As such, the IRS was on notice of the Plaintiff's interest when it recorded its Notice of Federal Tax Lien. Because the Plaintiff's Mortgage was recorded before the Notice of Federal Tax Lien, and because the IRS was on notice of the Plaintiff's Mortgage and the Borrower's title, the lien of the Mortgage takes priority over the lien of the IRS.

## IV. CONCLUSION

Based upon the forgoing, Plaintiff is entitled to summary judgment on the issue of the priority of its Mortgage vis-à-vis the IRS's lien interest. Plaintiff's Mortgage is a first and best lien on the Property and has priority over any liens attaching to the Property after September 12, 2018. Therefore, the Court should grant the Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

*/s/ Zachary D. Prendergast*
Zachary D. Prendergast (P70804)
*Attorney for Plaintiff U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2018-2*
ROBBINS KELLY PATTERSON & TUCKER
7 West Seventh Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 721-3330
Fax:     (513) 721-5001
E-mail: zprendergast@rkpt.com

## CERTIFICATE OF SERVICE

      It is hereby certified that service of the forgoing Motion has this 7th day of February, 2020, been made upon the following by either delivery through the Court's ECF System or by placing same in a postage-paid envelope and depositing said envelope into the United States mail addressed to:

T.N. Ziedas, Esq.
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
*Attorney for Defendant United States of America,*
*Department of the Treasury, Internal Revenue Service*

Moe Freedman, Esq.
Assistant Attorney General
SCFRA & Collections
3030 W. Grand Blvd., Ste 10-400
Detroit, MI 48202
*Attorneys for Michigan Dept. of Treasury*

The Agency Realty Executives, LLC
c/o Fadi Dabaja, Registered Agent
6271 Schaefer
Dearborn, MI 48126

Fred Dabaja a/k/a Fadi Dabaja
6137 Fairwood Dr.
Dearborn Heights, MI 48127

Jane Doe, Unknown Spouse of
Fred Dabaja a/k/a Fadi Dabaja
6137 Fairwood Dr.
Dearborn Heights, MI 48127

Lendinghome Funding Corp.
c/o CSC-Lawyers Inc. Services
Registered Agent
601 Abbot Road
East Lansing, MI 48823

Mohamad Taha
6565 Rockland St.
Dearborn Heights, MI 48127

Unknown Tenant
6565 Rockland St.
Dearborn Heights, MI 48127

                                                                                   */s/ Zachary D. Prendergast*
                                                                                   Zachary D. Prendergast